UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JENNIFER D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00469-JPH-DLP |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff has filed a motion for $16,125.04 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Dkt. [24].  The Commissioner responds that the request is excessive and proposes an award of $14,165.74.  Dkt. 33 at 1, 9.

To be entitled to attorney fees under the EAJA, a plaintiff "must show that (1) she was a prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances existed that would make an award unjust; and (4) she filed a timely and complete application for fees." *Tchemkou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008) (citing 28 U.S.C. § 2412(d)(1)(A)–(B)).  In determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the amount of the award accordingly."  *Id.* at 510 (citations omitted).

Here, the Commissioner does not dispute that Plaintiff is entitled to fees or that Plaintiff's attorney expended the hours claimed.  Dkt. 33 at 3–5.  The Commissioner argues only that not all 82.3 attorney hours were "reasonably"

1

expended and "proposes a 10-hour reduction in attorney time," yielding total fees of $14,165.74. *Id.* at 9.

The Commissioner has shown that Plaintiff's attorney spent an above-average amount of time writing and editing the briefs in this case, despite having extensive experience litigating social security cases. Dkt. 33 at 4–5 (citing *Harrington v. Berryhill*, No. 16-cv-129, 2017 WL 2502456 at *3 (S.D. Ind. June 9, 2017); *Copeland v. Astrue*, No. 11-cv-363, 2012 WL 4959482 at *2 (N.D. Ind. Oct. 17, 2012) (identifying a "permissible range" of 40–60 hours)). But those general arguments do not show that any specific hours expended were unreasonable. *See id.* at 3–9. By contrast, Plaintiff has explained that she raised complex issues and arguments, was required to sift the 749-page administrative transcript, and crafted an oversized 61-page brief.[1] Dkt. 23 at 7–9 (citing *Townsend v. Colvin*, No. 2:12-cv-516-PRC, 2014 WL 6617641 at *2 (N.D. Ind. Nov. 18, 2014)). Moreover, counsel for this appeal did not represent Plaintiff at the administrative level. *See id.* at 9 (citing *Seefeldt v. Colvin*, No. 14-CV-320, 2016 WL 5793683 at *1 (E.D. Wis. Sept. 30, 2016)). Plaintiff has therefore shown that an above-average number of hours was reasonable here.

The Commissioner also argues that Plaintiff's hours itemization is impermissibly vague. Dkt. 33 at 8–9. But the itemization is broken down into blocks of 12.9 hours or fewer, instead of aggregated in a single entry. *Cf. Julie A. v. Saul*, 1:19-cv-650-JMS-DML, dkt. 22 at 6 (reducing fees in part because

---

[1] While the Court does not encourage briefs exceeding the 35-page limit, *see* S.D. Ind. L.R. 7-1, the Commissioner did not oppose Plaintiff's motion to file an oversized brief as it could have done if it believed that it was unwarranted in this case.

68.5 hours were in "one combined entry," so it was "impossible to determine" how much of that time was spent for different purposes). While several entries say only "Research and prepare Plaintiff's Brief," dkt. 24-2, in a social security appeal "one would expect that virtually all of a lawyer's time would be spent on briefing," *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 864 (E.D. Wis. Oct. 1, 2018). Specifying the hours spent on each issue may be helpful in justifying a fee award, *see Trump v. Colvin*, No. 12 C 6194, 2015 WL 970111 at *5 (N.D. Ill. Mar. 2, 2015), but in this case it is not required to show that the hours were reasonably expended, *see Martin v. Saul*, 1:17-cv-366-RLY-DML, dkt. 35 at 3 (Simple time entries "could have been more specific" but were adequate because they "explain[ed] the billable task—time spent reviewing client materials and writing appellate briefs".).

In short, counsel obtained a positive result for their client by crafting thorough—though oversized—briefs. The Commissioner has not shown that any of their time was unreasonably spent. Plaintiff is therefore entitled to the requested fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee.").

The Court therefore **GRANTS** Plaintiff's motion for attorney fees and awards $16,125.04 under the EAJA. Any fees paid belong to Plaintiff and not her attorneys and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

**SO ORDERED.**

Date: 5/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brian J. Alesia
SOCIAL SECURITY ADMINISTRATION
brian.alesia@ssa.gov

Christie O'Brien Tate
SOCIAL SECURITY ADMINISTRATION
christie.tate@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Carina M. de la Torre
DE LA TORRE LAW OFFICE LLC
carina@dltlawoffice.com